IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMUEL G. TOPCHIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-0910-CV-W-ODS |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION (1) DENYING MOTION TO DISMISS, AND (2) DIRECTING PLAINTIFF TO FILE MORE DEFINITE STATEMENT**

Pending is Defendant's Motion to Dismiss or, in the alternative, a Motion for a More Definite Statement. The Motion to Dismiss is denied, and the Court grants Defendant's Motion for a More Definite Statement.

## I. BACKGROUND

This case arises from a dispute over a loan modification process between Plaintiff, Samuel G. Topchian, and Defendant, JPMorgan Chase Bank. Plaintiff alleges that Defendant did not give him a fair or adequate opportunity to obtain a loan modification under the federal Home Affordable Modification Program ("HAMP"). Further, Plaintiff alleges that Defendant wrongfully intends to proceed with a non-judicial foreclosure. Throughout Plaintiff's complaint, there are also factual allegations of falsified credit reports and mental and physical injuries to the Plaintiff.

Plaintiff alleges that he applied to participate in HAMP, and in doing so, submitted paperwork and communicated with Defendant regarding the paperwork. Plaintiff attempted to make certain payments to Defendant that were not accepted; Plaintiff alleges it was Defendant's position that the paperwork was never received or not timely received. After several communications between the parties, Plaintiff submitted additional paperwork to Defendant. Subsequently, Plaintiff was notified that his second

loan modification application was denied.  Plaintiff was surprised to learn that an application had been denied because he had not intended to apply for a second modification.

Plaintiff contends that Defendant falsified information in order to foreclose on Plaintiff's property and that Defendant sent false information to credit bureaus which harmed Plaintiff's employment opportunities.  Plaintiff cites mental and physical injuries resulting from Defendant's alleged actions.  Plaintiff asserts that Defendant used fraudulent practices and intimidation in order to achieve its goal of foreclosure.

On June 21, 2012, Plaintiff filed his petition in state court.  On July 13, 2012, Defendant removed this action.  Subsequently, Defendant filed a Motion to Dismiss, or in the alternative, a Motion for a More Definite Statement.  Plaintiff's Response to Defendant's Motion indicated that he did not claim a violation of HAMP, but instead he was suing because of Defendant's violation of the "Rules and Regulations and constitutional right of Citizen and his family."  The court now considers Defendant's Motions.

## II.  DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id.  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[]."  Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008)

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has

2

> facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Additionally, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted).

### A. Loan Modification

Defendant's Motion to Dismiss asserts that nearly all of the factual allegations in Plaintiff's Complaint concern Defendant's alleged obligation to Plaintiff under HAMP, and, therefore, the case should be dismissed because a private right of action based on HAMP does not exist. Plaintiff's Response clarifies that he is not suing under HAMP.

Dismissal is warranted when facts pleaded in a complaint are entirely based upon a loan modification request under HAMP because there is no private right of action under HAMP. Cox v. Mortgage Electronic Registration System, Inc., 794 F.Supp. 2d 1060, 1064 (D. Minn 2011). In Cox, all of the plaintiffs' claims implicated HAMP because they

3

all derived from plaintiffs' request for a loan modification, defendants' conduct associated with the request, as well as the ultimate denial of the request.  Id. at 1064.  The plaintiffs avoided making direct references to HAMP in the complaint, but the facts pleaded in plaintiffs' complaint were "entirely based on the loan modification request under HAMP." Id.  The district court found there was no private right of action under HAMP and, therefore, dismissed the case.  Id.

In this case, dismissal would be warranted if all the facts in the complaint were entirely based upon a loan modification request under HAMP.  However, liberally construing Plaintiff's Complaint, Plaintiff makes factual allegations outside the loan modification process.  Therefore, the Court denies Defendant's Motion to Dismiss because Plaintiff's Complaint is not based entirely upon a loan modification request under HAMP.

### B. Attempted Wrongful Foreclosure

In his Complaint, Plaintiff requests that the Court stop a wrongful foreclosure of his property.  Under Missouri law, there is no tort cause of action for attempted wrongful foreclosure.  Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 811 (Mo. App. 1998); see also Reese v. First Missouri Bank and Trust Co. of Creve Coeur, 736 S.W.2d 371 (Mo. 1987) (rejecting a cause of action for "attempted wrongful foreclosure").  Therefore, to the extent that Plaintiff seeks recovery because of an anticipated foreclosure sale, that claim fails because it is not a recognized theory of recovery.

### C. Plaintiff's Other Theories

Plaintiff's Response to Defendant's Motion to Dismiss indicates that "Plaintiff is not trying to sue a Lender (or Defender) in a framework of HAM Program, but is trying to sue a Lender who violates the Rules and Regulations and constitutional right of Citizen and his family."  At this time, it is unclear as to what other theories the Plaintiff advances.  The following allegations are made throughout Plaintiff's Complaint:

4

- Defendant's representatives made harassing phone calls to Plaintiff
- Defendant wrongfully reported to credit agencies about Plaintiff's mortgage debt
- Defendant has falsified information
- Defendant has sent wrongful information to credit bureaus, which has resulted in Plaintiff unable to obtain employment
- Defendant's actions have caused Plaintiff mental and personal injuries

Plaintiff's Complaint fails to explain what information was falsified and exactly how Defendant wrongfully reported to credit agencies regarding Plaintiff's mortgage debt. With respect to Plaintiff's references to mental and physical injuries, it is unclear whether Plaintiff intends to bring a separate cause of action, or whether those references were made as part of his damage claim. The Court directs Plaintiff to file an amended complaint that specifically identifies the theories he believes entitle him to relief.

### III. CONCLUSION

For the foregoing reasons, the Motion to Dismiss is denied and its Motion for a More Definite Statement is granted. Plaintiff is directed to file an amended complaint identifying the specific legal theories or statutes under which entitle him to relief, and the types of damages he seeks. Plaintiff's amended complaint should be filed on or before September 24, 2012. Plaintiff's failure to file an amended complaint by the deadline will warrant dismissal of the case.

IT IS SO ORDERED

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 27, 2012　　　　　UNITED STATES DISTRICT COURT