IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SAMVEL G. TOPCHIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-0910-CV-W-ODS |
| ) | |
| JPMORGAN CHASE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending is Defendant's Motion to Dismiss Plaintiff's Amended Complaint. For the reasons set forth below, Defendant's Motion (Doc. #13) is granted.

I. BACKGROUND

This case arises from a dispute over a loan modification process. Plaintiff alleges Defendant did not give him a fair or adequate opportunity to obtain a loan modification under the federal Home Affordable Modification Program ("HAMP"). Plaintiff applied to participate in HAMP, and in doing so, submitted paperwork and communicated with Defendant regarding the paperwork. He attempted to make payments to Defendant that were not accepted; Plaintiff alleges it was Defendant's position that the paperwork was never received or not timely received. After several communications between the parties, Plaintiff submitted additional paperwork to Defendant. Subsequently, Plaintiff was notified that his second loan modification application was denied.

Plaintiff contends Defendant "misused" its power by sending false information to credit bureaus regarding the amount of money Plaintiff owed Defendant. As a result, Plaintiff has been unable to obtain employment. Plaintiff also alleges Defendant's actions caused him "severe health, emotional and financial damages."

On June 21, 2012, Plaintiff filed his petition in state court. On July 13, 2012,

Defendant removed this action. Subsequently, Defendant filed a Motion to Dismiss, or in the alternative, a Motion for a More Definite Statement. The Court denied Defendant's Motion to Dismiss, but granted its Motion for a More Definite Statement and directed Plaintiff to file an Amended Complaint. The Court now considers Defendant's Motion to Dismiss Plaintiff's More Definite Statement Granted by the Court (hereinafter "Amended Complaint").

## II. STANDARD

To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claim for relief must be "'plausible on its face,'" meaning it must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Mere "'labels and conclusions,'" "'formulaic recitation[s] of the elements of a cause of action,'" and "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Additionally, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted).

## III. DISCUSSION

### 1. Loan Modification under HAMP

As the Court previously stated in its Order dated August 27, 2012, there is no private right of action for a loan modification under HAMP. *Dugger v. Bank of America/Countrywide Loans*, No. 1:10-CV-00076-S-NLJ, 2010 WL 3258383 (E.D. Mo. Aug. 16, 2010); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir.

2

Case 4:12-cv-00910-ODS   Document 24   Filed 04/16/13   Page 2 of 7

2012); *Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1116 (11th Cir. 2012); *Bohnhoff v. Wells Fargo Bank, N.A.,* 853 F. Supp. 2d 849, 853 (D. Minn. 2012).; *Cox v. Mortgage Electronic Registration System, Inc.*, 794 F.Supp.2d 1060, 1064 (D. Minn. 2011). To the extent Plaintiff attempts to state a claim under HAMP, his claim is dismissed.

Some courts, however, have held that HAMP does not preempt all state common law claims. *See, e.g.*, *Darcy v. CitiFinancial, Inc.*, No. 1:10-CV-848, 2011 WL 3758805, at *4 (W.D. Mich. Aug. 25, 2011). The Eighth Circuit has not directly addressed this issue, but has noted its concern with a district court's analysis of HAMP preemption of state law claims. *Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663, 675 n.4 ("While the district court's analysis of HAMP preemption in this case may be questionable, we need not address this issue because we find that the complaint fails to meet the *Twombly* pleading standards."). As will be discussed in the following paragraphs, Plaintiff's other claims all fail as a matter of law, therefore, the Court need not decide here whether HAMP preempts all private causes of action or bars all state common law claims.

2. Cause of Action for "Misuse" of Power

Plaintiff contends Defendant "misused on [a] number of occasions [its] power," which caused Plaintiff "severe health, emotional, and financial damage." Defendant's alleged wrongdoings relate to the HAMP loan modification by denying the existence of the HAMP agreement and denying that Plaintiff made payments on the loan. It is unclear whether Plaintiff seeks to bring a separate cause of action for his mental and physical injuries. If so, Plaintiff has failed to sufficiently plead such a claim.

Under Missouri law, the tort of negligent infliction of emotional distress is a negligence action. *Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. 2001). The general elements of a negligence cause of action are "1) a legal duty of the defendant to protect the plaintiff from injury, 2) breach of the duty, 3) proximate cause, and 4) injury to the plaintiff. *Id.* Two additional elements are required for a claim of

negligent infliction of emotional distress: "1) that the defendant should have realized that his conduct involved an unreasonable risk of causing distress, and 2) that the emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant."  *Id.*

Here, Plaintiff's Amended Complaint makes no allegation that Defendant owed him any legally recognized duty.  The facts alleged do not support the conclusion that Defendant's conduct would cause Plaintiff to suffer severe emotional distress.  Accordingly, Plaintiff has failed to state a claim for negligent infliction of emotional distress.

Plaintiff has also failed to state a claim for intentional infliction of emotional distress.  To state such a claim, the plaintiff must plead: 1) the defendant's conduct was extreme and outrageous; 2) the conduct was intentional or done recklessly; and 3) the conduct caused severe emotional distress that resulted in bodily harm.  *Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 427 (Mo. App. 2001).  "The defendant's conduct must be more than simply malicious or intentional; the conduct must have been 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Id.* (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (en banc)).

Here, Plaintiff has not alleged any outrageous behavior that would support a claim for intentional infliction of emotional distress.   Simply stating that Defendant "misused" its power is insufficient to establish extreme or outrageous conduct.  Similarly, Plaintiff's allegation that Defendant's conduct caused him "severe health, emotional, and financial damage" is conclusory and does not meet the requisite pleading standard.  This claim is also dismissed.

### 3. Attempted Wrongful Foreclosure

Plaintiff's alleges that although he stopped foreclosure, Defendant made "systematic errors in [the] foreclosure process."  Amend. Compl. ¶ 23; Plaintiff's Reply Suggestions ¶ 8.  The Missouri Supreme Court has rejected a cause of action for

4

attempted wrongful foreclosure. *Reese v. First Missouri Bank and Trust Co. of Creve Coeur*, 736 S.W.2d 371, 373 (Mo. 1987) ("[A]uthorizing a cause of action for wrongful attempted foreclosure would effectively nullify the purposes for having the expeditious non judicial foreclosure of deeds of trusts."). Any allegation that relates to an attempted wrongful foreclosure is dismissed for failure to state a claim.

### 4. Cause of Action for "Credit Reporting"

Next, Plaintiff argues Defendant made false credit reports to credit bureaus, which has resulted in Plaintiff being unable to obtain employment. Missouri does not have an equivalent to the federal Fair Credit Reporting Act. If Plaintiff attempts to bring a claim under the federal Fair Credit Reporting Act ("FCRA"), the Amended Complaint fails to allege it.

The FCRA protects consumers from the transmission of inaccurate credit reports about them. *Lee v. Wells Fargo Mortg.*, No. 11-0633-CV-W-HFS, 2011 WL 5025877, at *2 (W.D. Mo. Oct. 21 2011). Furnishers of information have a duty to provide accurate information to consumer reporting agencies. *Id.* (citing 15 U.S.C. § 1681s-2(a)). However, not all of the Act's provisions permit a private cause of action. *Id.* Violations of the provisions of 15 U.S.C. § 1681s-2(a) can only be enforced by governmental agencies and officials. *Id.*

Section 1681s-2(b) of the Act, which outlines a furnisher's duties when a consumer disputes the accuracy of information in their credit report, authorizes a private right of action. *Id.* However, the duties of investigation under section 1681s-2(b) are not triggered simply by notice of disputed information provided directly by the consumer to a furnisher. *Id.* "A cause of action arises only by showing that the furnisher received notice from a credit reporting agency, not the consumer, that the credit information is in dispute." *Id.* (citing *Young v. Equivax Credit Info. Svs.*, 294 F.3d 631, 639 (5th Cir. 2002)).

Here, the Amended Complaint fails to allege that Defendant received notice from a credit reporting agency that Plaintiff's credit information is in dispute. Further, there is no

5

allegation that Plaintiff notified a credit reporting agency of the dispute. Although the Amended Complaint does reference many communications between Plaintiff and Defendant, it is unclear whether Plaintiff even notified Defendant directly about the credit information dispute. Even if Plaintiff had notified Defendant directly, this is insufficient to trigger a private right of action under the FCRA. *See Lee*, 2011 WL 5025877, at *2. Plaintiff has failed to state a claim based on the FCRA.

### 5. Claim Relating to "False Information"

A plaintiff must plead fraud with particularity. *See* Fed. R. Civ. P. 9(b). "Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" *BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). To satisfy this heightened pleading requirement, a plaintiff must set forth the "who, what, when, where, and how" of an alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). Under Missouri law, the elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent the representation be acted upon by the other party; (6) the other party's ignorance of its falsity and right to rely on its truth; and (7) proximately caused injury. *Miller v. Ford Motor Co.*, 732 S.W.2d 564, 555 (Mo. Ap. 1987).

In this case, Plaintiff alleges Defendant inaccurately reported his debt. He contends Defendant refused to acknowledge the first HAMP loan modification by falsely stating that Plaintiff's payments were only for a trial period. Amend. Compl. ¶ 20. Plaintiff contends Defendant is "trying to dismiss the case, using wrong arguments, such as denying the very existence of the HAMP modification Agreement, finalized by [Defendant] . . ., [and] denying payments were done by Plaintiff . . . ." Amend. Compl. ¶ 34. Plaintiff does not allege any facts that Defendant knew its representations were false or that Defendant had the intent that Plaintiff would act on the alleged false representations. Further, Plaintiff does not allege he was not aware of the falsity of

6

Defendant's representations. Plaintiff has not pled sufficient facts to show that Defendant acted fraudulently. If Plaintiff intended to bring a claim of fraud, it is dismissed for failure to state a claim.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's Amended Complaint is dismissed in its entirety for failure to state a claim.

IT IS SO ORDERED.

                                                     /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 16, 2013                       UNITED STATES DISTRICT COURT